UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Donna H.,

                                               Plaintiff,                Case # 20-CV-6839

v.                                                                                DECISION AND ORDER

Commissioner of the Social Security Administration,

                                                                  Defendant.
_____

       Donna H. brought this appeal of the Social Security Administration's ("SSA") decision to deny her application for disability insurance benefits and supplemental security income. ECF No. 1. On May 19, 2021, this Court adopted the parties' stipulation for remand. ECF No. 13. Thereafter, the Court entered a stipulation and order awarding Plaintiff's attorney $5,195.00 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 16.

       On June 21, 2022, the SSA issued a Notice of Award granting Plaintiff benefits and withholding $6,000 of her past due benefits to pay her attorney. ECF No. 17-1 at 1. However, on June 22, 2022, Plaintiff's attorney, Peter Gorton, wrote to the Mid-Atlantic Program Service Center and contended that the SSA incorrectly withheld $6,000, and requested that the SSA correct this error to reflect the proper amount of $18,714.02—25 percent of Plaintiff's past due benefits.[1] ECF Nos. 17-1, 17-5. On June 23, 2022, Plaintiff moved for $17,714.02 in attorney's fees under U.S.C. §406(b). ECF No. 17.

---

[1] The Commissioner agrees with Plaintiff that $18,714.00 should have been withheld and attached to its briefing a July 30, 2022 Notice of Award which indicates this correction. *See* ECF No. 21 at 5 n.2; ECF No. 21-1.

For the reasons that follow, Plaintiff's motion is GRANTED, Plaintiff's attorney, Peter Gorton, is awarded $17,714.02 in fees, and Mr. Gorton shall remit the $5,195 in EAJA fees to Plaintiff.

## DISCUSSION

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*.

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id*. (citation omitted).

The Court has reviewed each factor to assure that the requested fee is reasonable . As an initial matter, the SSA awarded Plaintiff $74,856.10, ECF No. 17-1 at 1, in past due benefits and therefore counsel's request for $17,714.02, *id.*, in fees does not exceed the statutory cap.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved, because after counsel filed a motion for judgment on the pleadings, the Commissioner agreed to a stipulated order to remand for further proceedings. *See* ECF Nos. 10, 11.  As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination.  *See Abbey*, 2019 WL 336572, at *2; *see generally Fields v. Kijakazi*, 24 F.4th 845 (2d Cir. 2022).  Here, Plaintiff's counsel spent 26.1 hours in connection with the appeal to this Court.  ECF 17-1 at 1.  Dividing the $17,714.02 fee requested by 26.1 hours yields an hourly rate of $678.70.  This Court has found far higher rates reasonable where, as here, counsel developed meritorious, non-boilerplate arguments on the claimant's behalf.  *See McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (awarding fees with effective hourly rate of $1.051.64); *see also Torres v. Colvin*, No. 11-CV-5309, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) ("[A] substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00."); *Morrison v. Saul*, No. 16-CV-4168, 2019 WL 6915954, at *3 (S.D.N.Y. Dec. 19, 2019) (approving fees based on effective hourly rate of $935.52).

Accordingly, the Court concludes that the requested fee award is reasonable.  Furthermore, counsel must refund the EAJA fees to Plaintiff, which he states he intends to do.  ECF No. 17-1 at 1.

## CONCLUSION

Plaintiff's motion for attorney's fees under § 406(b) (ECF No. 17) is GRANTED and Plaintiff is awarded $17,714.02 in fees.  The Court directs the Commissioner to release those funds

withheld from Plaintiff's benefits award.  After counsel receives the § 406(b) fee, he must remit the EAJA fees to Plaintiff.

    IT IS SO ORDERED.

Dated: August 15, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York